# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
JUN 2 2 2011
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

FREDERICK GRAY, )
 )
        Plaintiff, )
 )
v. ) No. CIV 10-492-RAW-SPS
 )
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
 )
        Defendants. )

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, filed this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. His original complaint named 94 defendants or witnesses, and his amended complaint names as defendants Corrections Corporation of America and 53 DCF prison officials.

Plaintiff's amended complaint states the nature of his case as follows: "Each of the listed defendants have caused certain injuries that have violated the rights of the listed Plaintiff(s) ex rel. while other(s) have been indifferent whether by deliberate means and/or reckless neglect or otherwise." He continues in Count I that "Each Defendant . . . has violated Certain Rights(s) in Violation of my I. Amend Right To Redress Grievances etc . . ." [Docket No. 6 at 2]. Count II alleges "Each Defendant . . . has violated this Plaintiff's and ex. rel Plaintiff's Constitutional Rights to be free from Cruel-Unusual Punishment in viol. of VIII Amend of U.S. Constitution" [Docket No. 6 at 20]. Finally, Count III alleges

"Each Defendant has violated each Plaintiffs 4th Amendment Rights [guaranteed] by the U.S. Constitution ... in violation of the 14th Amendment of the U.S. Constitution." [Docket No. 6 at 20].

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In support of his claims in the amended complaint, plaintiff references Exhibits 1-143 of the original complaint in this case, along with the supporting facts in his closed case, *Gray v. Martin*, No. CIV 10-346-RAW-SPS (E.D. Okla. Nov. 30, 2010). The references to the original complaint in this case violate Local Civil Rule 9.2(c), which prohibits reference to the superseded pleading, and the court will not search the record in another case for facts supporting his claims. "[I]t is the [litigant's] responsibility to tie the salient facts, supported by specific record citation, to [his] legal contentions." *United States v. Rodriquez-Aguirre*, 108 F.3d 1228, 1238 n.8 (10th Cir. 1997) (citing *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995)). *See also SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (The court will not "sift through" the record to find support for the claimant's arguments.).

Both the amended and original complaints in this action are difficult to read, and even more difficult to understand. The original complaint discussed plaintiff's alleged sexual assault by another inmate, his loss of property, harassment by prison staff, planted contraband, access to the courts, denial of food, his housing, a bag of feces that was deposited in his cell, accusations that plaintiff has HIV-AIDS, retaliation, segregation, the

2

prison grievance process, and denial of medical care, showers, and recreation. He failed, however, to connect most of the individual defendants with specific allegations of constitutional violations. Plaintiff's amended complaint, which reduced the number of defendants almost by half, fails to set forth the alleged acts or omissions by each defendant that violated plaintiff's constitutional rights. Instead, he simply states a version of the same conclusory allegations that the individual defendants acted or failed to act in his or her official and/or individual capacities "as an evil guise to commit fraud and other types of prisoner abuse."

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *[Bell Atlantic v.] Twombly*, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted). *See also Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987). Here, the court concludes plaintiff's amended complaint fails to state a claim, and it would be futile to give him the opportunity to amend again. *See*

*Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (A pro se complaint is properly dismissed for failure to state a claim only if the plaintiff obviously cannot prevail on the facts and, additionally, it would be futile to allow him to amend his complaint.). *See also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S. C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 22nd day of June 2011.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**